LOUIS C. BRUNS *against* THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK.

(Decided June 28th, 1875.)

Under § 32 of the charter of the city of New York (L. 1870, ch. 137), allowing the head of each department from time to time to remove the employees in his department, and change their salaries, when an employee is notified by the head of his department of the amount at which his salary is fixed, he cannot after that recover from the city any greater compensation, although he is detailed to perform, and does perform, services for the city outside of those belonging to his position.

So *held*, where a clerk in the finance department was assigned to the additional duty of book-keeper to the board of commissioners of the sinking fund, in place of a former book-keeper, and performed the duties of that position in addition to those of his own.

The remedy afforded to creditors of the city of New York by the creation of the board of apportionment and audit under the acts of 1872 (L. 1872, chs. 9 and 29), was merely cumulative, and did not require the submission of claims to that

Bruns v. The Mayor, Aldermen, and Commonalty of the City of New York.

body; and their audit and allowance of a claim at a certain amount, where the claimant did not submit his rights to their action, is not conclusive as to the amount of the claim; nor is the receipt by the claimant of the amount allowed him by the board a bar to his suit against the city to recover the balance of what he claims to be due.

APPEAL by the defendant from a judgment of this court, entered on the decision of Judge LARREMORE, after a trial before him without a jury.

The facts are stated in the opinion.

*A. Oakey Hall*, for plaintiff.

*David J. Dean*, for defendants.

ROBINSON, J.—Plaintiff sued for his salary as clerk in the finance department of this city, from May 1, 1871, to March 13, 1873, claiming it to have been at the rate of $3,500, payable monthly. He was paid at that rate up to the first of October, 1871, but not for the months of October, November and December in that year, and judgment has been rendered in his favor at that rate, after allowing payments made to him. In February, 1870, he was employed as assistant clerk in the department of finance, at a salary, fixed by the comptroller, of $2,000 per annum, and on or about the first of August, 1870, was assigned to the additional duty of book-keeper of the commissioners of the sinking fund, in place of a former book-keeper. Such commissioners had, in February, 1869, passed a resolution that the salary of the book-keeper to that board should be fixed at $1,500 per annum, and the "plaintiff was assigned to the said position of book-keeper to said commissioners in pursuance of the said resolution." Plaintiff was thereafter paid monthly for his services, rendered to the first of October, 1871, by separate warrants, to wit, one as assistant clerk at the rate of $2,000 per annum, and one as such book-keeper, at the rate of $1,500 per annum.

He continued to perform the duties of both assistant clerk and book-keeper, but for his services during the months of October, November and December, 1871, was only paid at the rate

of $2,000, and defendants refused to pay any part of the additional salary of $1,500 per annum, under and in pursuance of the resolution of the commissioners of the sinking fund. Plaintiff refers to no law or ordinance authorizing the commissioners of the sinking fund to employ a book-keeper or assign him any compensation, but in the absence thereof he claims that the action of the comptroller, the head of the finance department, in paying him by separate warrants at the rates of $2,000 and $1,500 per annum, amounting in the aggregate to a salary of $3,500 per annum from August 11th, 1870, to October 1, 1871, was in fact the designating and approving " of his salary or compensation at the latter rate," within the provisions of § 32 of the city charter, chap. 137, of the Laws of 1870, although having some reference to the distinctive duties performed, or to his own views of propriety. The amount of plaintiff's salary was drawn monthly in separate warrants, and necessarily with his approval, as was required by § 39 of said city charter. When plaintiff was first notified of the change of the comptroller's views as to his rate of compensation, does not clearly appear in the case on appeal, but it must at least be assumed that such notice was given on the refusal to pay, at the end of October, 1871, that month's compensation at any larger amount than at the rate of $2,000 per annum, or " any sum whatever under and pursuant to the aforesaid commissioners of the sinking fund." § 32 of the charter allowed the head of each department, from time to time, to remove the incumbents or employees in his department, and also to change his salary or compensation. This discretion was to be exercised for the public good, and could not be lawfully abridged by contract, so as to bind either his own official action or that of his successor. The subordinate, by his appointment or employment, acquired no vested right, either as to his term of office or employment, or his continued rate of salary or compensation, and when notified of a change in the latter, had thereby an option to continue in service at such modified rate, or not to do so, and plaintiff electing to remain in such employment after notice, was subject to the action of the comptroller in reducing his compensation to $2,000 per annum.

It is clear that he acquired no right to extra compensation from an increase of his duties (Dillon on Mun. Corp. § 172 ; *Cowan* v. *The Mayor*, &c. 10 N. Y. Sup. Ct. R. [3 Hun], 632). As to his services rendered during the months of November and December, there was no designation or approval of his rate of compensation shown to have been made by the comptroller in excess of $2,000 per annum, and his right of recovery for services in those months, was so limited.

Defendants on the trial claimed the benefit of the action of the board of apportionment and audit, appointed under chapters 9 and 29 of the laws of 1872, which made provision for the early payment, *sub modo*, of salaries and other claims against the city accruing during the year 1871, and until May, 1872. The remedy thus afforded such creditors of the city was merely cumulative, and in no way required any submission of claims to that body. That board appear to have taken cognizance of plaintiff's rights and claims for salary or compensation for services rendered during said months of October, November and December, 1875, and the aforesaid payments to him for those months, at the rate of $2,000 per annum, were made under and in pursuance of an audit and allowance therefor made by that board, and "without any voice therein of the plaintiff." No dispute ever existed as to plaintiff's right to compensation at this latter rate, and no question or controversy was ever submitted to that board to which plaintiff was a party. Their action upon recognized and undisputed claims, and providing for their payment through the means pointed out by these statutes, was legitimate, but in no way concluded or adjudicated upon the rights of parties who in no way submitted them to any adjudication or determination of that body.

It is, therefore, unnecessary to decide the powers of that body, under the authority given them to audit and allow such claims as are referred to in these statutes, as the plaintiff never by any act subjected himself to their jurisdiction, and by accepting the payment made under their action, upon no principle of law debarred himself from enforcing his claims to any further amount otherwise due him upon just and legal principles.

The judgment should be reversed and a new trial ordered,

unless the plaintiff elects to a reduction of the recovery (of $375 and $81 interest, making $456 damages, to $125, one month's salary or compensation at $1,500 per annum, and $29 80, to wit), to $154 80, as of date of judgment, in which case the judgment should be affirmed for that sum, besides costs.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J., concurred.

Ordered accordingly.